UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICK KELLY,**<br><br>Plaintiff,<br><br>v.<br><br>**WARDEN MONTGOMERY, et al.,**<br><br>Defendants. | Case No.: 17-cv-1998-LAB-NLS<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(Dkt. No. 11)** |

Plaintiff Patrick Kelly ("Plaintiff") is incarcerated at the California State Prison located in Calipatria, California. He is proceeding pro se and has filed a civil complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") relating to a name change request made while incarcerated at Calipatria State Prison. ECF No. 1. Before the Court is a motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendants S. Kernan, B. Hedrick, M. Voong, R. Buckel, W. Montgomery, and K. Allen ("Defendants"). ECF No. 11. Plaintiff filed an opposition, Defendants replied, and Plaintiff filed a surreply. ECF Nos. 12, 13, 14.[1] This matter was referred to the

---

[1] To the extent any were made, the Court will not address new arguments raised for the first time in Plaintiff's surreply.

1

undersigned for a report and recommendation under Local Civil Rule 72.3.f and 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, the Court **RECOMMENDS** that Defendants' motion be **GRANTED IN PART** and **DENIED IN PART**.

I.   FACTUAL ALLEGATIONS

On February 2, 2017, Plaintiff requested approval from Warden Montgomery to change his name from Patrick Kelly to Patrick Hernandez. ECF No. 1 at 10, 12. In his request, Plaintiff explained it was his sincerely held belief that he must change his name to that of his step-father, Mr. Hernandez, who raised him and recently passed away, in order to practice his Catholic faith and adhere to the Fourth Commandment's direction to "honor thy father." *Id.*

Plaintiff submitted the appropriate request to change his name. *Id.*, Ex. B. On March 17, 2017, Plaintiff received a written response from Deputy Warden Hedrick, on behalf of Warden Montgomery, denying his name change request. *Id.* at 10, Ex. A. Hedrick's denial explained that "[a]lthough there are no set criteria for eligibility for a name change, a strong effort was made to identify a legal base for the change." *Id.* Hedrick's response also made clear Plaintiff's request "did not rise or constitute a safety or security concern," and acknowledged that Plaintiff listed Mr. Hernandez as Plaintiff's "father" during his initial processing and review. *Id.* at 10-11, Ex. A. However, Hedrick concluded that because the Abstract of Judgment for Plaintiff identified him as "Patrick Kelly," the name change should be denied so the institutional name matched the abstract of judgment. *Id.* at Ex. A.

Plaintiff appealed the denial, again expressing his religious reasons for seeking a name change, and was denied at the Second Level of Review by Chief Deputy Warden Buckel, agreeing with the rationale of the previous denial. *Id.* at 11, Ex. D. Plaintiff appealed again, arguing that the denial inhibited his religious belief and practice, and violated the First Amendment, RLUIPA, California Penal statutes, and California Correctional Regulations. *Id.* at 13-14. On August 31, 2017, Appeals Examiner Allen and Chief of Appeals Voong denied Plaintiff's appeal at the Third Level of Review on

behalf of Director Kernan, approving the findings of the previous reviewers and noting that no "new or compelling information" was provided to "warrant a modification of the decision reached by the institution." *Id.* at 14, Ex. E. Having exhausted his administrative remedies, Plaintiff filed this action seeking injunctive and declaratory relief. ECF No. 1.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of claims in a complaint. *See Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 633 (1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The court accepts as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and construes the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)). In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears pro se in a civil rights case, the court "must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Cater*, 668 F.3d 1108, 1112 (9th Cir. 2012).

A dismissal under Rule 12(b)(6) is generally proper only where there "is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court need not accept

conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); *see also Cholla Ready Mix*, 382 F.3d at 973 (stating that on a Rule 12(b)(6) motion, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged" (quoting *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994))).

### III. DISCUSSION

To state a § 1983 free exercise claim, a prisoner must allege the government action in question substantially burdens his sincerely held religious belief.[2] *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015); *Shakur v. Schriro*, 514 F.3d 878, 885 (9th Cir. 2008) (finding that a prison's refusal to provide a kosher meat diet implicates the Free Exercise Clause because the plaintiff sincerely believed that he had to consume kosher meat to maintain his religious belief). "'A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (quoting *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013)). Thus, Plaintiff must claim an interference that is more than an inconvenience, isolated incident, or short-term occurrence. *See Harris v. Schriro*, 652 F. Supp. 2d 1024, 1034 (D. Ariz. 2009) (citation omitted). "[T]he adoption of a religious name . . . is an exercise of religious freedom." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

As compared to prisoners' First Amendment rights, "RLUIPA provides greater protection." *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015). To state a RLUIPA claim, a prisoner must allege "(1) he takes part in a 'religious exercise,' and (2) the State's actions

---

[2] Defendants do not contest that Plaintiff's religious belief is sincerely held.

have substantially burdened that exercise." *Walker*, 789 F.3d at 1134 (citing *Shakur*, 514 F.3d at 888). RLUIPA broadly defines a religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc–5(7)(A).  RLUIPA also provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. §§ 2000cc–1(a)(1)-(2).

The substantive allegations of Plaintiff's complaint are identical for each of the Defendants, and broadly allege each required element for a § 1983 and RLUIPA claim: Plaintiff alleges a sincere religious belief that he must change his name to honor his father, ECF No. 1 at 11-13; Plaintiff requested a name change, *id.* at 10-11; and Defendants denied Plaintiff's request, *id.* at 10-11, 13-14.  Plaintiff alleges that by denying his request, Defendants have denied Plaintiff the ability to exercise his religious belief and that the denial is a substantial burden. *Id.* at 9, 11, 13-14.

Defendants do not challenge the substantive allegations of the complaint as to defendants Warden Montgomery and Officer Hedrick in their official capacities. However, Defendants move to dismiss Director Kernan on the grounds the challenged regulation does not "substantially burden" Plaintiff's religious exercise; and move to dismiss the claims as to defendants Allen, Buckel, and Voong in their official capacities on the ground that their involvement was limited to review of administrative grievances. Defendants also move to dismiss all the claims alleged against any defendant in their individual capacities.

### A. *Secretary Kernan*

Defendants move to dismiss the claims against Secretary Kernan on the ground that the implementation of the regulation that requires a prisoner to obtain permission prior to changing their name, 15 Cal. Code Reg. § 3294.5, is not a substantial burden on

the Plaintiff's exercise of religion. ECF No. 11-1 at 4-5; *Cochran v. Sherman*, 115CV01388DADBAMPC, 2017 WL 6538991, at *5 (E.D. Cal. Dec. 21, 2017), *report and recommendation adopted*, 115CV01388DADBAM, 2018 WL 466046 (E.D. Cal. Jan. 18, 2018) (holding the regulation requiring a prisoner to gain permission prior to a name change does not substantially burden religious practice).

Plaintiff's opposition argues that the implementation the regulation and lack of criteria for eligibility for name change left the remaining defendants with "unfettered discretion" to grant or deny the request, and as a result, complying with the process "forced him to forego his sincerely held religious belief" and placed a "substantial unnecessary burden on the exercise of his sincerely held religious belief." ECF No. 12 at 3.

Courts in the Ninth Circuit have recognized that a "'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (citing *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). A substantial burden need not actually force a litigant to change his practices; a violation may occur "where the state ... denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Warsoldier*, 418 F.3d at 995 (quoting *Thomas v. Review Bd. of the Ind. Emp't Sec. Div.*, 450 U.S. 707, 717–18, (1981). In *Warsoldier*, the Ninth Circuit held that a prison policy imposes a substantial burden when it "intentionally puts significant pressure on inmates . . . to abandon their religious beliefs." 418 F.3d at 996. Similarly, "an outright ban on a particular religious exercise is a substantial burden on that religious exercise." *Greene v. Solano Cnty. Jail*, 513 F.3d 982, 988 (9th Cir. 2008) (citations omitted). A substantial burden may also be found where "alternatives require substantial 'delay, uncertainty, and expense.'" *Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1068 (9th Cir. 2011) (citation omitted). To state a claim an inmate must plausibly allege that a prison official's actions substantially

burdened—meaning more than inconvenienced—the inmate's exercise of a sincerely held religious belief, and did so in an unreasonable manner—i.e., that the official's actions were not rationally related to legitimate penological interests. *Cochran v. Sherman*, 2017 WL 6538991, at *5; *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (substantial burden requires more than an inconvenience on religious exercise).

Review of Plaintiff's complaint reveals Plaintiff challenges only the outcome of his name change request, the ultimate denial he received, as a substantial burden. *See* ECF No. 1 at 2-3, 4, 14 (see also, ¶ 16 "failed to provide for religious and spiritual welfare by denying…"; ¶ 17 "The Defendants' denial is truly pressuring Plaintiff to significantly modify his religious behavior…"). As in *Cochran*, "the fact that Plaintiff disagrees with the decision made under the procedure set forth in the regulation does not show that the enactment of the regulation itself violated his religious rights." *Cochran v. Sherman*, 2017 WL 6538991 at *5. Plaintiff's complaint offers no facts to plausibly suggest that the requirement he ask permission to change his name was a substantial burden, at most compliance with the regulation presented an inconvenience. Plaintiff also concedes that the regulation supports a legitimate penological interest by preventing "capricious, incessant, casual, sudden, harassing, on-the-spot name changes." ECF No. 12 at 4; *State v. People of State of Cal.*, No. C93-0731 EFL, 1993 WL 106892, at *1 (N.D. Cal. Apr. 5, 1993); *see also,* ECF No. 11-1 at 5.

The remaining allegations of the complaint involve Plaintiff's appeal to the "Director's Level of Review," but do not involve Secretary Kernan. The undersigned **RECOMMENDS** the motion to dismiss as to Secretary Kernan be **GRANTED**.

### B. Defendants Allen, Buckel, and Voong

Defendants move to dismiss the claims as to Allen, Buckel, and Voong on the ground that they cannot be pursued in their official capacities because they were not personally involved in the decision to deny Plaintiff a legal name change. Defendants Allen, Buckel and Voong's involvement was limited to review of inmate appeals. Defendants argue California law does not authorize them to grant Plaintiff's requested

7

17-cv-1998-LAB-NLS

relief of a name change. ECF No. 11-1 at 5-6. In his opposition, Plaintiff counters that each Defendant has the authority to grant his relief for the same reasons that they had the authority to grant the name change during the initial review process. ECF No. 12 at 4-5.

Typically, a prisoner's claim that a prison official denied a grievance, standing alone, is not sufficient to state a claim for a constitutional violation. *Denegal v. Brazelton*, No. 1:14-CV-01410-AWI, 2015 WL 5601278 (E.D. Cal. Sept. 22, 2015) (holding that reviewing administrative grievances "cannot provide a basis for a claim under either the First Amendment or RLUIPA."); *Riley v. Dunn*, No. CV 09-8850-JFW (MLG), 2011 WL 4940855 at *7 (C.D. Cal. Oct. 14, 2011) ("Plaintiff has no constitutional right to an effective grievance or appeal procedure."). However, the Ninth Circuit holds there are limited circumstances where reviewing an inmate appeal can state a claim because prison administrators cannot willfully turn a blind eye to constitutional violations. *See Greene v. Solano Cty. Jail*, 513 F.3d 982, 988 (9th Cir. 2008) (liability may be found where conduct results in a prohibition or outright ban on religious exercise, such as group worship); *Gray v. Lewis*, No. 13-cv-04929, 2015 WL 3957865, at *5 (N.D. Cal. June 29, 2015) (finding prison officials could be held liable for involvement in review process of religious accommodation requests, including name change); *Furance v. Gipson*, No. 1:14-cv-00814-LJO-MJS (PC), 2015 WL 3541123, at *6 (E.D. Cal. June 4, 2015) (finding plaintiff stated valid claim against warden and appeals coordinators for their denial of name change request); *Ashanti v. Cal. Dep't of Corr.*, No. CIV S-03-0474 LKK GGH P, 2006 WL 2695337, at *1 (E.D. Cal. Sept. 20, 2006) (permitting prisoner seeking projective injunctive relief under § 1983 to proceed against Director and Warden); *Norsworthy v. Beard*, 87 F. Supp. 3d at 1115 (N.D. Cal. Mar. 31, 2015) (finding injunctive relief claims were proper against appeal administrators who denied name change in part because "their role in reviewing Norsworthy's administrative requests for . . . a name change suggest that they are in a position to approve administrative requests").

Here, Plaintiff alleges with specificity that each of defendants Buckel, Allen, and Voong had the authority to grant (either directly or by reversing the denial) Plaintiff's request for a name change. ECF No. 1 at 10-11, 13-14; ECF No. 12 at 4-5. Plaintiff also alleges Defendants' denials at each level of review were an independent constitutional violation under the First Amendment and RLUIPA because each was made after the defendants Buckel, Allen and Voong reviewed Plaintiff's request based on Plaintiff's claim of a sincerely held belief and religious need and Plaintiff alleges that each denial restricted his ability to exercise his religion. ECF No. 1 at 11, 13-14, 22-25. Plaintiff alleges the repeated denials are a substantial burden on his religious practice, tantamount to an outright ban, or alternatively, requiring substantial delay before he can change his name. *Greene v. Solano Cnty. Jail*, 513 F.3d 982, 988 (9th Cir. 2008) ("an outright ban on a particular religious exercise is a substantial burden on that religious exercise."). Plaintiff adequately alleges facts to plausibly suggest that defendants Buckel, Allen, and Voong had the authority to grant the requested relief and the denials constituted a substantial burden and thus, an independent constitutional violation.

Nonetheless, an otherwise unconstitutional impingement on an inmate's First Amendment rights will still be held "valid if it is reasonably related to penological interests." *Jackson v. Sullivan*, 692 Fed. Appx. 437, 441 (9th Cir. 2017) (citing *Shakur*, 514 F.3d at 884 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987))). Courts consider four factors to determine whether a prison regulation is reasonably related to a legitimate penological interest: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) whether accommodation of the right would impact guards and other inmates and the allocation of prison resources in general; and (4) whether or not there are easy, obvious alternatives to the denial of the right. *Turner*, 482 U.S. at 89-90; *Shakur*, 514 F.3d at 884; *Malik v. Brown*, 16 F.3d 330, 334 (9th Cir. 1994). *Turner*, 482 U.S. at 89-90; *Shakur*, 514 F.3d at 884.

Reviewing the *Turner* factors, the denial, and the resulting appeals, identify only the record-keeping aspect of the name on the abstract of judgment matching the name of the individual as the basis for the denial. ECF No. 1 at 10-14, 16 (Ex. A). The denial eliminates any safety or security concern raised by the requested name change. *Id.* at 16 ("The reasons you provided did not rise or constitute a safety or security concern."). The complaint also alleges the appeals each confirm this denial as appropriate. ECF No. 1 at 10-14, *see also,* Exs. D, E.

While there may be legitimate penological reasons that the names on the abstract of judgment should match the incarcerated individual, the Ninth Circuit has held that "[u]sing both the religious and the committed name is a satisfactory alternative means for an inmate to freely exercise his religion." *Malik*, 16 F.3d at 334. Here, there is no indication Defendants considered a two-name solution. "Without considering a two-name solution, Defendants' reasoning for the denial does not survive application of the *Turner* factors." *Furnace v. Gipson*, 1:14-CV-00814-LJO, 2015 WL 3541123, at *4 (E.D. Cal. June 4, 2015), *report and recommendation adopted in part*, 1:14-CV-00814-LJO, 2015 WL 4394641 (E.D. Cal. July 16, 2015) (permitting free exercise claim to proceed against defendants, including reviewers of inmate appeals).

Accordingly, the undersigned **RECOMMENDS** the motion to dismiss as to defendants Buckel, Allen, and Voong be **DENIED**.

### C. Plaintiff Cannot Proceed against any Defendants in their Individual Capacities

Plaintiff asserts claims against Defendants in their individual capacities for declaratory and injunctive relief under § 1983 and RLUIPA. In their motion to dismiss, Defendants assert Plaintiff's claims against them in their individual capacities are barred because Plaintiff may seek only equitable relief under § 1983 and RLUIPA against Defendants in their official capacities. ECF No. 11-1 at 6-7.

The Ninth Circuit holds that RLUIPA does not authorize suits against state actors acting in their individual capacity. *Woody v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014).

The Ninth Circuit explained that RLUIPA was enacted pursuant to Congress's spending and commerce powers and the language of RLUIPA does not suggest Congress contemplated holding government employees liable in their individual capacity. *Id.* Thus, RLUIPA "does not authorize suits against a person in anything other than an official or governmental capacity, for it is only in that capacity that funds are received." *Id.* Plaintiff's RLUIPA based claims asserted against Defendants in their individual capacities are properly dismissed.

Likewise, "[a] state official may be sued under § 1983 only in his official capacity for prospective injunctive relief, or in his individual capacity for damages." *Jacobs v. Tanchek*, No. 2:09-CV-00832-PMP-GWF, 2009 WL 10678774, at *2 (S.D. Cal. Sept. 23, 2009); *see also, Will v. Michigan Dept. of State Police*, 491 U.S. 58, 93 (1989) ("a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'")(quoting *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14 (1985)); *Thornton v. Brown*, 757 F.3d 834, 839 (9th Cir. 2013) (limiting official capacity claims to injunctive relief); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 840 (9th Cir. 1997) (holding that "state officials sued in their official capacities are not 'persons' within the meaning of § 1983" except when "sued for *prospective injunctive relief"* (emphasis in original)). Here, Plaintiff's claim does not seek damages, and so he may not proceed against any official in his individual capacity under § 1983.

The undersigned **RECOMMENDS** that Defendants' motion to dismiss the claims alleged against all Defendants in their individual capacities be **GRANTED.**

IV. **RECOMMENDATION**

For the reasons stated above, this Court **RECOMMENDS**:

1. The motion to dismiss all claims against Secretary Kernan be **GRANTED**;
2. The motion to dismiss as to defendants Buckel, Allen, and Voong be **DENIED**;

11

3. The motion to dismiss claims alleged against any defendant in his individual capacity be **GRANTED** and the individual capacity claims be dismissed with prejudice;
4. That Defendants Montgomery, Hedrick, Buckel, Allen, and Voong, in only their official capacities, be directed to file an answer.

## V. <u>CONCLUSION</u>

The Court submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). No later than **<u>June 8, 2018</u>**, any party to this action may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

Any reply to the objections shall be filed with the Court and served on all parties no later than **<u>June 15, 2018</u>**. The parties are advised that failure to file objections within the specified time may waive the right to those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: May 24, 2018

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge