# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

PATRICK KELLY,

    Plaintiff,

v.

WARDEN, Calipatria State Prison, et al.,

    Defendant.

Case No.: 17cv1998-LAB (NLS)

**ORDER MODIFYING REPORT AND RECOMMENDATION, AND ADOPTING REPORT AND RECOMMENDATION AS MODIFIED; AND**

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Plaintiff Patrick Kelly, a prisoner in state custody, brought this action under 42 U.S.C. §1983 to vindicate his rights to free exercise of religion. Defendants filed a motion to dismiss. Under 28 U.S.C. § 636, this matter was referred to Magistrate Judge Stormes for a report and recommendation. Judge Stormes issued her report and recommendation (the "R&R"), recommending that the motion be denied. Defendants Allen, Buckel, Hedrick, Kernan, Montgomery, and Voong filed an objection.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge

must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

A Rule12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Fed. R. Civ. P. 8(a)(2), only "a short and plain statement of the claim showing that the pleader is entitled to relief," is required, in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The well-pleaded facts must do more than permit the Court to infer "the mere possibility of conduct"; they must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When determining whether a complaint states a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. C*edars–Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted). But the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotation marks omitted).

At the pleading stage, the Court may consider not only the complaint itself, but also documents it refers to, documents whose authenticity is not questioned,

and matters judicially noticed. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).

**Discussion**

Kelly alleges that he promised his stepfather he would take his stepfather's name. After his stepfather Mr. Hernandez passed away, Kelly applied for permission to submit a petition in state court to change his name from Patrick Kelly to Patrick Hernandez. He asserts that his sincerely-held religious beliefs require him to do this. Specifically, he says he is a Roman Catholic, and believes he must keep his promise in order to fulfill the Fourth Commandment, to honor his father.

Kelly pursued his administrative remedies, and his request and appeals were denied at all levels. Defendants Montgomery (Warden), Hedrick (Chief Deputy Warden), Buckel (Chief Deputy Warden), Allen (Appeals Examiner), and Voong (Chief, Office of Appeals) all took part in denial of Kelly's request or appeals.

Both the R&R and Defendants' objections recite essentially the same legal authority, and there is no serious disagreement there. For the most part, the facts are undisputed as well. Rather, Defendants mainly disagree with the R&R's application of the law to the facts.

The R&R recommends dismissal of all claims against Defendant Kernan, and against the other Defendants in their individual capacities. But it recommends denying the motion to dismiss as to other Defendants, in their official capacities. The R&R points out that Kelly is seeking prospective injunctive relief only.

Before proceeding to the objections, two slight problems with the R&R are apparent to the Court. First, Kelly is not bringing claims for damages based on past deprivations of his rights. Because he only seeks prospective injunctive relief, the proper focus should not be on what Defendants did in the past, but on their ability to comply with an injunction. In places, the R&R appears to focus on past events and whether Defendants could have granted Kelly's request, rather than whether they can do so now. (*See, e.g.*, R&R at 9:13–15.) Even if a Defendant had a party

3
17cv1998-LAB (NLS)

in violating Kelly's rights in the past, a claim for prospective injunctive relief will lie only if he has the ability to remedy that; otherwise, enjoining that Defendant would be futile. The inability of any Defendant to comply with an injunction could be a basis for dismissal at the appropriate stage of litigation.

Second, the R&R incorrectly reads the denial of Kelly's appeal as showing that his name change posed no safety or security risk. (R&R at 10:3–5.) The R&R quotes the denial letter: "The reasons you provided did not rise or constitute a safety concern." (Compl., Ex. A at 16.) In context, though, this sentence means that Kelly hadn't shown that he wasn't requesting a name change out of concern for his safety or security (*e.g.*, to prevent someone who might bear him a grudge from locating or identifying him). In fact, the third level appeal decision mentioned staff, inmate, and public safety as a reason for denying the request. (*Id.*, Ex. E.)

Defendants Buckel, Voong, and Allen argue they were only responsible for reviewing Kelly's grievances, and have no authority to grant his request. At this stage of litigation, however, Kelly only has to plead a plausible claim against them. The fact that they considered and rejected Kelly's request and appeals reasonably suggests that at least one of them has authority to grant the request. A plaintiff is permitted to plead his claim in the alternative, even if the claims are inconsistent, as long as he states a claim under at least one theory. Fed. R. Civ. P. 8(d). While this could be a problem if Defendants seek summary judgment, it is sufficient at the pleading stage.

Defendants also argue that allowing Kelly to change his name would not (or should not) result in his name being changed on prison records. While there may be legitimate penological concerns related to safety or security needs, they have not been established or even considered thoroughly enough to merit judgment as a matter of law. The holding of *Malik v. Brown*, 16 F.3d 330, 334 (9th Cir. 1994) and cases relying on it strongly suggest that before denying a name change for religious reasons, prison officials should consider the possibility of using both the

religious name and the name under which a prisoner was committed on records. In its decision, the Ninth Circuit found "no legitimate penological interest" in preventing the plaintiff from using both his religious and committed names. *Malik* at 334 (applying the factors outlined in *Turner v. Safley*, 482 U.S. 78, 89 (1987)). ("Using both the religious and the committed name is a satisfactory alternative means for an inmate to freely exercise his religion.") If there is a factual reason *Malik* does not apply here, it is not appropriate for adjudication at the pleading stage.

Defendants also object that Catholicism does not require a name change under the circumstances Kelly identifies. Whether it does or not is not an issue the Court is prepared to wade into. *See Commack Self-Service Kosher Meats, Inc. v. Weiss*, 294 F.3d 415, 426–28 (2d Cir. 2002) (finding state law that required government to "either interpret religious doctrine or defer to the interpretations of religious officials in reaching its official position" violated the Establishment Clause). *But see Awad v. Ziriax*, 670 F.3d 1111, 1123 (10th Cir. 2012) (assuming for purposes of finding standing that state courts would probate a will, even if doing so required application of Islamic law or other religious teachings).

With regard to religious requirements, all Kelly needs to show is that his is a sincerely held religious belief. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). He has plausibly alleged that. At the pleading stage, the Court does not resolve factual disputes, such as deciding whether this allegation is true — *i.e.*, whether he sincerely believes his religion requires that he change his name.

One matter should be clarified, which is what the effect on prison would be if Kelly were to change his name civilly. That is, if he were permitted to submit a petition to a state court seeking a name change, and if that were granted, would prison officials be required to change Kelly's name on records? And would it necessarily or potentially affect the prison's operations or security? To the extent possible, the parties should address these issues in future briefing.

Having conducted a de novo review of the matters Defendants object to, the Court **OVERRULES** those objections. The R&R is **DEEMED MODIFIED** to include the additional analysis and clarifications this order has identified. So modified, the R&R is **ADOPTED**. All claims against Secretary Kernan are **DISMISSED WITHOUT LEAVE TO AMEND**. Claims against all Defendants in their individual capacities are **DISMISSED WITH PREJUDICE**. As to Defendants Montgomery, Hedrick, Buckel, Allen, and Voong in their official capacities only, the motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 10, 2018

_____
Hon. Larry Alan Burns
United States District Judge